**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SARAH A. GILMORE, *et al.*,

    Plaintiff,

v.                                                              Case No. 14-cv-12586

ALAN CHOW and MARY CHOW,

    Defendants.

                                                   /

**OPINION AND ORDER GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pending before the court is a Motion for Summary Judgment, filed by Defendants Alan Chow and Mary Chow ("the Chows") on April 29, 2015 (Dkt. # 14.) Having reviewed the briefs, the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will grant the motion.

**I. BACKGROUND**

The Chows own a two-story house located at 5737 Courville Street in Detroit, Michigan (the "Premises"). On January 6, 2011, non-party Vivian Patrick executed a Residential Lease Agreement (the "Lease") for the Premises with a previous owner of the Premises, Rondo Property. (Dkt. # 14-3.) The Lease specified a one month term, beginning February 11, 2011, and apparently continued month-to-month thereafter. (*Id.* ¶ 2.) The Lease required the Premises to be used as a single family residence and occupied solely by Patrick, prohibiting occupancy by other persons "without the express prior written consent of the Management." (*Id.* ¶ 7.) The Lease assigned Patrick responsibility for keeping fixtures "in good repair and condition" and for "immediately notify[ing] Management of any defects or dangerous conditions in and about the Premises of which [Patrick] bec[a]me[] aware." (*Id.* ¶ 9.) Patrick agreed that "[a]ny non-emergency request for maintenance service must be in writing and mailed or delivered to" the management office and to be "responsible for any damage caused by . . . her failure to

notify the Management of needed repairs." (*Id.* ¶ 10.)

Patrick inspected the condition of the Premises and moved in on February 14, 2011. (Dkt. # 14-1, Pg ID. 125.) In particular, the stairwell railing was not loose when Patrick moved in. (*Id.* at 129.) In addition to Patrick, her boyfriend Jarrod Gilmore and his mother, Plaintiff Sarah Gilmore,[1] moved in as well. The Gilmores paid their share of the rent to Vivian in cash, who in turn remitted the rent to the management company. (Dkt. # 14-1, Pg ID 131; Dkt. # 14-2, Pg. ID 140) After the Chows purchased the Premises in April or May 2011, Patrick would send the money directly to Alan Chow's account by wire transfer. (Dkt. # 14-1, Pg ID 131.) Although the Gilmores were not on the lease, Rondo (and later the Chows) knew that they would be occupying the Premises, although permission was never granted in writing. (Dkt. # 14-1, Pg ID. 127–28.) Jarrod Gilmore and Alan Chow "stayed in touch on the regular." (Dkt. # 14-2, Pg. ID 142.)

At some point in late 2011, the stairwell railing became loose. (Dkt. # 14-1, Pg ID. 129; Dkt. # 14-2, Pg. ID 144.) Patrick asked Jarrod Gilmore to notify the landlord, which he did, by calling property manager Metro Detroit Property, who served as an agent of the Chows. (Dkt. # 14-1, Pg ID. 129; Dkt. # 14-2, Pg. ID 144.) Patrick and the Gilmores were aware of the loose rail and it was obvious to all residents. (Dkt. # 14-1, Pg. ID 130–31; Dkt. # 14-2, Pg. ID 145.)

On March 26, 2012, Sarah Gilmore suffered a fall on the staircase. Patrick, who was in the kitchen, heard Sarah Gilmore scream that she fell. (Dkt. # 14-1, Pg. ID 128.) Patrick came out of the kitchen and found Sarah Gilmore on the floor next to the steps. (*Id.*) The stairway railing, while still in place, was looser. (*Id.*) Sarah Gilmore suffered extensive injuries requiring medical treatment including surgery.

On March 11, 2014, Sarah Gilmore sued the Chows in state court bringing two causes of action; negligence and landlord violations of statutory duties. Defendants timely

---

[1] Sarah Gilmore died on June 21, 2014. Pursuant to an order dated October 13, 2014, "Jarrod Gilmore as Personal Representative of the Estate of Sarah A. Gilmore, Deceased" has been substituted as Plaintiff. (Dkt. # 10.)

2

removed the case to this court on July 1, 2014 and filed the instant motion for Summary Judgment on April 16, 2015, twelve days before the close of discovery.[2]

## II. STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When deciding a motion for summary judgment, the court "is not to 'weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "The central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Id.* at 497 (quoting *Anderson*, 477 U.S. at 251-52). "The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the [movant] is entitled to a verdict . . . ." *Anderson*, 477 U.S. at 252.

The party seeking summary judgment has the initial burden of showing the absence of a genuine dispute as to a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant, who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. It is not enough for the nonmovant to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the nonmovant must sufficiently allege a fact that, if proven, "would have [the] effect of establishing or refuting one of essential elements of a cause of action or defense asserted by the parties." *Midwest Media Prop. L.L.C. v. Symmes*

---

[2]Plaintiff complains that this motion is premature because it was filed before Defendants responded to all outstanding discovery requests. However, none of the discovery identified by Plaintiff would have any bearing on the disposition of this motion.

*Twp., Ohio*, 503 F.3d 456, 469 (6th Cir. 2007) (alteration in original) (quoting *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)) (internal quotation marks omitted).

Both parties must support their assertions "that a fact cannot be or is genuinely disputed" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Alternatively, either party may carry its burden by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Id.* 56(c)(1)(B). "The court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan*, 342 F.3d at 497 (citing *Matsushita*, 475 U.S. at 587).

### III. DISCUSSION

### A. Statutory Claim

Plaintiff first argues that despite not being a signatory to the Lease, Sarah Gilmore was a lessee. The protections provided by Mich. Comp. Laws § 554.139[3] apply to the contracting parties to a lease, not invitees. *Mullen v. Zerfas*, 742 N.W.2d 114, 115 (Mich. 2007). Plaintiff argues that the Chows' acquiescence to Sarah Gilmore's occupancy of the Premises constitutes a tacit modification of the Lease.

This argument finds no support in the cases. On the contrary, the Michigan Court of Appeals rejected a similar argument. *Cunningham v. McKinley, Inc.*, No. 313062, 2014 WL 588053, at *1 (Mich. Ct. App. Feb. 13, 2014). In *Cunningham*, as in this case, the plaintiff lived in an apartment leased by another party. The plaintiff fell on a torn carpet, and attempted to sue the landlord under Mich. Comp. Laws § 554.139.

---

[3]Plaintiff also alleges violations of Mich. Comp. Laws §§ 600.2918, 554.633, the Antilockout Statute and the Truth-in-Renting Act respectively. Even assuming the Complaint somehow states a claim under these statutes, they apply only to lessees as well.

4

The court acknowledged that the landlord was aware of plaintiff's occupancy, but held that the landlord had not conveyed a tenancy to the plaintiff under those circumstances. *Id.* at *3. Plaintiff does not even attempt to disntinguish *Cunningham*, which is squarely on point. Plaintiff was not a lessee, so summary judgment will be granted on the second cause of action.

### B. Negligence

Plaintiff's fallback argument is that even if she was an invitee rather than a lessee, Defendants owed a duty to exercise ordinary care and prudence to keep the Premises in a reasonably safe condition for invitees' use. However, "[p]remises liability is conditioned on the presence of both possession and control over the land." *Kubczak v. Chemical Bank & Trust Co.*, 575 N.W.2d 745, 747 (Mich. 1998) (citation omitted). "The element of control is of prime importance." *Lipsitz v. Schechter*, 142 N.W.2d 1, 2 (Mich. 1966). "The lessor, absent agreement to the contrary, surrenders possession and holds only a reversionary interest." *Id.* The Chows surrendered possession of the Premises to Patrick and thus owed no duty to invitees. That duty was assigned to Patrick, who obtained exclusive possession of the Premises pursuant to the lease. As such, the cases cited by Plaintiff regarding premises liability do not apply, since they all discuss situations where the landowner maintained possession and control over the relevant portion of the property.

Plaintiff's reliance on *Grandberry-Lovette v. Garascia*, 844 N.W.2d 178 (Mich. Ct. App. 2014), is misplaced. In that case, the defendant owned a multi-unit dwelling and the suit covered the exterior stairs of the building. In such a case, the owner maintains possession and control over common areas and retains a duty to inspect. In the instant case, the stairwell was within the exclusive domain of Patrick. The Chows cannot be held liable when the Lease unambiguously assigns responsibility for such interior repairs to Patrick.

5

In any event, the loose railing was well known to Sarah Gilmore and was thus an open and obvious danger so the Chows would not be liable for common law negligence even if they had been in possession and control of the Premises. Furthermore, a loose railing is not the sort of unreasonably dangerous hazard which creates a "situation[] in which it is 'effectively unavoidable' for an invitee to avoid the hazard posed by such an inherently dangerous condition." *Hoffner v. Lanctoe*, 821 N.W. 2d 88, 91 (Mich. 2012).

Summary judgment is granted on the first cause of action.

## IV. CONCLUSION

The Chows owed no duty to Plaintiff. Accordingly,

IT IS ORDERED that Defendant's Motion for Summary Judgment (Dkt. # 14) is GRANTED. A separate judgment will issue.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: June 12, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 12, 2015, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522